**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerard Hefferon,<br><br>    Plaintiff,<br><br>vs.<br><br>Henry Perez, DDS, P.C., a California professional corporation, et al.,<br><br>    Defendants. | CIV 11-1541-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) (Doc. 7). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.[1]

**BACKGROUND**

This is a dental malpractice action asserted by Plaintiff Gerard Hefferon against Defendants Henry Perez, DDS and entity, Henry Perez, DDS, P.C. Hefferon originally filed his Complaint in the Maricopa County Superior Court on June 1, 2011, alleging negligence and unjust enrichment. Specifically, Hefferon alleges that Perez was negligent in performing dental treatment on him, which has resulted in injuries and damages. The matter was subsequently removed to this Court on August 5, 2011.

---

[1] The parties' request for oral argument will be denied because the parties have fully briefed the issues and oral argument will not aid in the Court's decision. See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998); Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d 724, 729 (9th Cir. 1991).

Perez is a California resident who is licensed to practice dentistry in California. He has been in private practice for more than 28 years, all in California, and operates his practice – through Perez P.C., a California professional corporation with its only place of business in California – out of a single office located in Oxnard, California.

Perez met Hefferon in mid-2007 at a dental health conference in San Diego, California. At the conference, Hefferon apparently expressed dissatisfaction with the dental treatment he was receiving in Arizona, and one of the speakers at the conference suggested that he have Perez look at his case. Several months later, Hefferon flew to Perez's office in California to discuss treatment.

Over the next year-and-a-half, Perez provided dental treatment to Hefferon in his California office on at least ten occasions. During that time, Perez also made follow-up telephone calls to Hefferon from California to Arizona concerning Hefferon's diagnosis and treatment.

At one point during the year-and-a-half of treatment, Perez flew to Arizona to visit Hefferon's chiropractic offices. During the visit, Hefferon removed his retainer, and Perez made an adjustment to the retainer to alleviate Hefferon's discomfort until his next scheduled appointment in California. According to Hefferon, Perez spent "at least thirty" minutes adjusting the retainer.

Prior to filing an answer, Defendants filed the instant Motion to Dismiss for lack of personal jurisdiction on August 12, 2011. Hefferon filed a Response on September 19, 2011, and Defendants filed their Reply on October 3, 2011.

**STANDARD OF REVIEW**

To establish personal jurisdiction, the plaintiff must show that: (1) the forum state's long arm statute confers jurisdiction over the non-resident defendant and (2) the exercise of jurisdiction comports with the principles of due process. See Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 269 (9th Cir. 1995). Arizona's long arm statute confers jurisdiction to the maximum extent allowed by the Due Process Clause of the United States Constitution. See Ariz.R.Civ.P. 4.2(a); Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050 (9th

Cir. 1997). Therefore, the issue before the Court is whether the exercise of jurisdiction over Defendants accords with due process. See Omeluk, 52 F.3d at 269.

The Due Process Clause requires that a nonresident defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations omitted). There are two types of personal jurisdiction: general and specific. See Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445 (1952). General jurisdiction exists where a non-resident defendant engages in substantial, continuous or systematic activities within the forum. See id. When a court has general jurisdiction over a defendant, the defendant may be hailed into that court for any claim, even one that does not arise from the defendant's contacts with that jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). However, when a defendant's contact with the forum does not rise to the level required for general jurisdiction, a court may have specific jurisdiction over a claim when the claim arises from the defendant's activities within that forum. See Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585 (1991).

Where an evidentiary hearing is not held, dismissal for lack of personal jurisdiction is appropriate only if the plaintiff has not made a *prima facie* showing of personal jurisdiction. See Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 300 (9th Cir. 1986). "[U]ncontroverted allegations in [the plaintiff's] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" Am. Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (quoting WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989)). However, a court may not assume the truth of allegations in a pleading that are contradicted by affidavit. See Data Disc, Inc. v. Systems Tech. Assoc., 557 F.2d 1280, 1284 (9th Cir. 1977). If the plaintiff is able to meet its *prima facie* burden, the movant can nevertheless continue to challenge personal jurisdiction either at a pretrial evidentiary hearing or at trial itself. See Metropolitan Life Ins. Co. v. Neaves, 912 F.2d 1062, 1064 n.1 (9th Cir. 1990).

**DISCUSSION**

In their pleadings, the parties agree that this Court does not have general jurisdiction over Defendants. Thus, the dispute before the Court is whether the Court has specific jurisdiction over Defendants.

The Ninth Circuit applies a three-part test to determine if the exercise of specific jurisdiction over a non-resident defendant is appropriate. First, the defendant must purposefully direct his activities towards the forum or its residents, or he must purposefully avail "himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008). Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." Id. Finally, the exercise of jurisdiction must be reasonable. See id. The plaintiff must prove the first two prongs, in which case the defendant must come forward with compelling evidence that the exercise of jurisdiction would be unreasonable. See id. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." Omeluk, 52 F.3d at 270.

**A.     Purposeful Availment or Direction**

"The purposeful availment requirement ensures that a nonresident defendant will not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). The phrase "purposeful availment" includes both purposeful availment and purposeful direction, which are distinct concepts. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). While a purposeful availment analysis is used in suits sounding in contract, a purposeful direction analysis is used in suits sounding in tort. See id. Here, the underlying action is characterized as a tort. Purposeful direction is therefore the proper analytical framework in this case.

The Ninth Circuit "evaluates purposeful direction using the three-part '*Calder*-effects' test, taken from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128

- 4 -

1  (9th Cir. 2010).  "Under this test, 'the defendant allegedly must have (1) committed an
2  intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant
3  knows is likely to be suffered in the forum state.'"  Id. (quoting Yahoo! Inc. v. La Ligue Contre
4  Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)).

5  Defendants do not dispute that when Perez flew to Arizona and made an adjustment to
6  Hefferon's retainer to alleviate discomfort – such activity was purposefully directed at Arizona
7  and, therefore, meets the first prong of the specific jurisdiction test.  Defendants, however,
8  dispute that the dental treatment and telephone calls performed in California satisfy the
9  "purposeful direction" prong claiming that said conduct fails to meet the Calder-effects test.
10 The Court agrees.

11 Express aiming, the second element of the test, "depends, to a significant degree, on the
12 specific type of tort or other wrongful conduct at issue."  Schwarzenegger, 374 F.3d at 807.
13 Allegations of "untargeted negligence" are not enough to satisfy this element.  See id. at 806-07.
14 Thus, even if the out-of-state dental treatment qualifies as an "intentional act" that caused harm
15 that Defendants "knew" was likely to be suffered in Arizona, Hefferon cannot establish that
16 such treatment was expressly aimed at Arizona because his claims rest on allegations of mere
17 negligence.  Therefore, there is no basis for finding that Defendants purposefully directed any
18 out-of-state activity at Arizona, whether through the treatment itself or the telephone calls that
19 were incidental to that treatment.

20 This conclusion is supported by the decisions of numerous courts, including the Ninth
21 Circuit, which hold that rendering medical or dental services in one state does not subject the
22 provider of those services to personal jurisdiction in the patient's state, even when the doctor
23 or dentist knows that the patient is a resident of another state and, thus, that the consequences
24 of their services will be felt in that state.  See, e.g., Wright v. Yackley, 459 F.2d 287, 289-90
25 (9th Cir. 1972) (affirming dismissal of a medical-malpractice action for lack of personal
26 jurisdiction where the defendant provided the allegedly negligent medical services outside the
27 forum state, and stating: "[T]he idea that tortious rendition of such services is a portable tort
28 which can be deemed to have been committed wherever the consequences foreseeably were felt

1 is wholly inconsistent with the public interest in having services of this sort generally
2 available."); Jackson v. Shepard, 609 F.Supp. 205, 207 (D. Ariz. 1985) (dismissing medical-
3 malpractice action for lack of personal jurisdiction where the alleged injury-causing event
4 occurred in California); Jackson v. Wileman, 468 F.Supp. 822, 825 (W.D. Ky. 1979) (holding
5 that Kentucky resident who traveled to Ohio for dental services could not maintain action in
6 Kentucky, since the jurisdictional focus is on the place where the services were rendered rather
7 than where the consequences of such services would be felt).

8 This principle holds true even when the out-of-state doctor or dentist makes telephone
9 calls to the forum state that are incidental to the out-of-state services. See, e.g., Wright, 459
10 F.2d at 288-90 (affirming dismissal of a medical-malpractice action for lack of personal
11 jurisdiction where the defendant, a South Dakota doctor, mailed to the plaintiff, an Idaho
12 resident, copies of prescriptions stemming from the defendant's treatment of plaintiff in South
13 Dakota); Kennedy v. Ziesmann, 526 F.Supp. 1328, 1330 (E.D. Ky. (holding that telephone calls
14 incidental to medical treatment that the plaintiff received outside the forum were insufficient
15 to establish personal jurisdiction); Prince v. Urban, 57 Cal.Rptr.2d 181, 182 ("[W]here, as here,
16 the out-of-state doctor's contact with the forum state consists of nothing more than telephonic
17 follow up on services rendered in the doctor's own state, it is unreasonable for the patient's
18 home state to exercise personal jurisdiction over the physician.").

19 In sum, the only possible activity that satisfies the "purposeful direction" prong of the
20 specific-jurisdiction test is Perez's adjustment to Hefferon's retainer.

21 **B.    Arises Out Of**

22 The Ninth Circuit utilizes "a 'but for' test to determine whether a particular claim arises
23 out of forum-related activities and thereby satisfies the second requirement for specific
24 jurisdiction." Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995). That is, a claim arises out
25 of a forum-related activity only if the claim would not exist but for the forum-related activity.
26 See id.; Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1088 (9th Cir. 2000)
27 ("[T]he contacts constituting purposeful [direction] must be the ones that give rise to the current
28 suit.").

- 6 -

On this record, the Court finds that the claims arise from the diagnosis and treatment that Hefferon received in California. Specifically, the record reflects that Perez initially evaluated Hefferon in California; Perez recommended a treatment plan in California; Perez delivered and fitted the retainer device in California; and Perez continued to treat Hefferon in California – even after Perez's alleged 30-minute adjustment to the retainer in Arizona. Any suggestion that Hefferon's claims would not exist but for the retainer adjustment in Arizona misses the mark. The adjustment to the retainer appears merely incidental to the out-of-state diagnosis and treatment, and is not the basis for the claims alleged in this lawsuit. And, Hefferon's contention that specific personal jurisdiction is established whenever in-state conduct is "directly related" to the out-of-state conduct out of which the claims arise is unpersuasive. As previously noted, the jurisdictional inquiry requires the Court to identify the conduct that was "purposefully directed" at the forum state (in this case, the retainer adjustment in Arizona), and then to determine whether the dispute arises out of that particular conduct. See Bancroft & Masters, 223 F.3d at 1088 ("[T]he contacts constituting purposeful [direction] must be the ones that give rise to the current suit."). It is the relationship between the "purposefully directed" conduct and the claim that matters, not the relationship between the "purposefully directed" conduct and other conduct. Accordingly, Hefferon has failed to establish that his claims arise out of any forum-related activity and, thus, this Court lacks specific jurisdiction.

**C.     Reasonableness**

Even if Hefferon was able to establish that his claims arise out of the only forum-related activity in this case, personal jurisdiction would still not be proper, as the exercise of such jurisdiction would be unreasonable. In determining whether the exercise of personal jurisdiction is reasonable, courts consider and balance seven factors, none of which are alone dispositive: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in obtaining convenient and effective relief; and (7) the existence of an

1 alternative forum.  See Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1132 (9th Cir. 2003) (citing Burger King Corp., 471 U.S. at 476-77).

As previously stated, Defendants only in-state conduct was the adjustment of Hefferon's retainer, which, according to Hefferon, lasted about 30 minutes.  Arizona undoubtedly has little interest in adjudicating disputes with so little connection to this state.  Any negligent act that can be alleged took place in California in association with the diagnosis and treatment of Hefferon.  The fact that Hefferon's alleged injuries were suffered in Arizona is irrelevant.  As set forth by the Ninth Circuit in Wright, 459 F.2d at 289-90:

> In the case of personal services[,] focus must be on the place where the services are rendered, since this is the place of the receiver's (here the patient's) need. The need is personal and the services rendered are in response to the dimensions of that personal need.  They are directed to no place but to the needy person herself.  It is in the very nature of such services that their consequences will be felt wherever the person may choose to go.  However, the idea that tortious rendition of such services is a portable tort which can be deemed to have been committed wherever the consequences foreseeably were felt is wholly inconsistent with the public interest in having services of this sort generally available. Medical services in particular should not be proscribed by the doctor's concerns as to where the patient may carry the consequences of his treatment and in what distant lands he may be called upon to defend it.  The traveling public would be ill served were the treatment of local doctors confined to so much aspirin as would get the patient into the next state.  The scope of medical treatment should be defined by the patient's needs, as diagnosed by the doctor, rather than by geography.

Thus, Hefferon's claims do not arise out of the in-state retainer adjustment.  But even if they did, under these circumstances, it would be unreasonable to subject Defendants to the personal jurisdiction of the courts of this state.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

**CONCLUSION**

Hefferon has not met his burden of showing that this dispute arises out of Perez's in-state adjustment to his retainer, the only conduct that was "purposefully directed" at Arizona. Accordingly, the Court will grant Defendants' Motion to Dismiss.

**IT IS ORDERED** that Defendants' Motion to Dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) (Doc. 7) is **GRANTED**.

DATED this 28th day of November, 2011.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge